**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ESCORT INC., § <br> an Illinois Corporation, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> UNIDEN AMERICA CORPORATION, § <br> a Delaware Corporation, § <br> *Defendant*. § | CIVIL ACTION NO: 2:17cv244 |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Escort Inc. ("Escort") for its Original Complaint for Patent Infringement against Defendant Uniden America Corporation ("Uniden") would respectfully show the Court as follows:

### NATURE OF THE ACTION AND FACTUAL BACKGROUND

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from Uniden's unauthorized use, sale, and offer to sell in the United States of products that infringe U.S. Patent No. RE39,038, U.S. Patent No. RE40,653, and U.S. Patent No. 7,576,679 (collectively, the "Asserted Patents").

2. Escort is the industry leader in radar and laser detection technology. It designs and manufactures products with state-of-the-art, award-winning radar technology.

3. Consumers purchase radar and laser detectors to receive a warning when their speed is at risk of being recorded by law enforcement. To maximize the benefit of purchasing a radar and laser detector, consumers look for certain critical features:

    a. *Long Range Effectiveness*. For detection to be useful, the driver must have time to react. Products that detect signals far away give the driver more time to adjust speed.

    b. *GPS and False Alert Filters*. Detectors are not useful if they cannot distinguish between relevant signals emanating from police radars and what the industry calls "false alerts" emanating from other sources, such as sensors used to monitor traffic flow. False alert filters provide the greatest benefit when coupled with auto-learn capabilities, which mark the location of false alerts and suppress them when the driver passes the marked location in the future.

    c. *City and Highway Modes*. Drivers gain additional help in filtering out false alerts if the product has different levels of sensitivity. City mode reduces the radar's sensitivity and thus filters out devices frequently encountered on city streets, such as automatic door openers. Highway mode, in contrast, increases sensitivity for better protection against law enforcement radar at longer range and higher speeds.

4. In other words, consumers want a detector that alerts them to the real threats but is otherwise quiet. Escort has been successful because it understands what consumers want and has patented technology that gives it to them. Escort's patented features include the following:

    a. GPS anti-falsing;

    b. Known frequency anti-falsing;

    c. Mute button controls; and

    d. Capability for users to control alerts based on speed and location.

5. Escort's patented GPS anti-falsing feature determines whether or not to generate an alert based upon the detector's location and at least one other criterion (e.g., signal frequency, signal

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT—Page 2**

strength, or vehicle speed).  A detector incorporating the patented technology will generate alerts only for signals that are outside a known false alert location and/or that fail to match another characteristic of the known false alert.  That is, a driver will not be alerted to a signal whose GPS location and some other characteristic match a known false alert.  These location-based controls are critical for maximizing the functionality that consumers most want—i.e. providing alerts to real threats while remaining quiet when other signals are detected. In addition, the features allow a user to mute alerts with a button and set speed or location controls.

6.   In 2001, Uniden introduced the Uniden GPSRD, a radar detector that lacked many of the features that consumers want, including the ability to filter out false alerts based on location. The website RadarBusters.com concluded that the "*only* real benefit of the Uniden GPSRD was that it would provide you with your exact GPS coordinates."[1] In less than five years, the Uniden GPSRD was taken off the U.S. market.

7.   In 2007, Uniden announced it was releasing a new radar detector, but it never launched that product in the United States. Upon information and belief, that Uniden product mapped on the claims of one or more U.S. patents. Specifically, the website RadarBusters.com noted that the announced radar detector with GPS was "similar to Escort's IQ radar detector," and even added that it "was so 'similar' that I suspect that it infringed on Escort's patent so it never got any further then Uniden's display case at the [Consumer Electronics Show]."

8.   In 2015, Uniden announced it was again planning to introduce radar detectors to the U.S. market. Among its new radars are the LRD950, the R3, and the DFR7 (the "Accused Products").

9.   The Accused Products offer desirable features that the Uniden GPSRD lacked, such as false alert filtering—but *only* because they infringe the Asserted Patents.

---

[1] Uniden Radar Detectors Review updated July 4, 2017 available at https://www.radarbusters.com/Uniden-Radar-Detector-Review-s/2522.htm.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT—Page 3**

10. For example, Uniden's R3 manual describes using the "Mute Memory" feature for muting "areas of false alarms."

> The R3 remembers where you muted the audio (GPS location) and the frequency you muted. It will automatically mute when you travel to that location and the saved frequency is detected; however, if a different frequency is detected, the R3 alerts to that different frequency.[2]

11. Uniden's "Mute Memory" feature infringes Escort's GPS anti-falsing patented technology including patented claims relating to mute button controls and known frequency filtering. Similarly, its "Quiet Ride" feature, which "mutes X and K band radar alarms when you drive under a speed limit"[3], infringes Escort's speed-based warning patented technology. Uniden's products also infringe the Asserted Patents because they include City and Highway modes and the capability for users to control alerts based on speed and location.

12. Upon information and belief, Uniden is aware of one or more of the Asserted Patents. Yet, it has not approached Escort to request a license. Instead, it has willfully infringed Escort's patent rights and damaged Escort's business by offering the Accused Products at a discounted price point to both retailers and consumers—something it can afford to do because it did not incur the costs of developing the technology it stole.

13. Escort thus had no choice but to bring this Action to enforce its patent rights, obtain injunctive relief to redress the irreparable harm that Uniden is causing, and be compensated for the damage it has incurred as a result of Uniden's willful and indefensible infringement.

## THE PARTIES

14. Plaintiff Escort Inc. is an Illinois corporation with a principal place of business at 5440 West Chester Road, West Chester, Ohio 45069.

---

[2] Uniden, R3 LONG RANGE Radar/Laser Detector User's Manual, p. 14 (Issue 2, August 2017) available at https://www.uniden.com/File%20Library/FooterNav/Product%20Information/Owners%20Manuals/R3om.pdf.
[3] *Id.* at 15.

15. Defendant Uniden America Corporation is a Delaware corporation with a principal place of business at 3001 Gateway Dr., Suite 130, Irving, TX 75653. Uniden may be served with process via its registered agent Chad Arnette at 201 Main St., Suite 2500, Fort Worth, TX 76102.

## JURISDICTION AND VENUE

16. This is an action for patent infringement which arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

17. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. This Court has both general and specific personal jurisdiction over Uniden because (1) Uniden's principal place of business is in this District, (2) Uniden regularly conducts and solicits business in this District, and (3) Uniden derives substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Uniden has a regular and established place of business in this Judicial District, has transacted business in this Judicial District, and has committed and/or induced acts of patent infringement in this Judicial District.

## CAUSES OF ACTION

### Count One: Infringement of U.S. Patent No. RE39,038

20. Escort incorporates the allegations of paragraphs 1-19 as if fully set forth at this point.

21. The USPTO duly and properly reissued the '038 patent entitled "Method and apparatus for alerting an operator of a motor vehicle to an incoming radar signal" on March 28, 2006. The '038 patent was duly assigned to Escort, which is the assignee of all right, title, and interest in and to the '038 patent. Escort possesses the exclusive right of recovery for past, present, and

future infringement. Uniden infringes the '038 patent's valid and enforceable claims. A true and correct copy of the '038 patent is attached hereto as Exhibit 1.

22. Uniden uses, manufactures, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of at least claims 7, 9, 11-14, 16, 19-24, 27, 29-31, 33-36, 38, 41-42, and 49-50 of the '038 patent. Such products include the Accused Products.

23. Upon information and belief, Uniden is aware of the '038 patent and that one or more of the Accused Products infringes one or more of at least claims 7, 9, 11-14, 16, 19-24, 27, 29-31, 33-36, 38, 41-42, and 49-50 of the '038 patent.

24. Upon information and belief, Uniden could not reasonably believe that the asserted claims of the '038 patent are invalid. Accordingly, Uniden has willfully infringed the '038 patent.

25. Uniden is liable for infringement of the '038 patent pursuant to 35 U.S.C. § 271.

### *Count Two: Infringement of U.S. Patent No. RE40,653*

26. Escort incorporates the allegations of paragraphs 1-25 as if fully set forth at this point.

27. The USPTO duly and properly reissued the '653 patent entitled "Radar detector for detecting police radar that receives GPS data" on March 10, 2009. The '653 patent was duly assigned to Escort, which is the assignee of all right, title, and interest in and to the '653 patent. Escort possesses the exclusive right of recovery for past, present, and future infringement. Uniden infringes the '653 patent's valid and enforceable claims. A true and correct copy of the '653 patent is attached hereto as Exhibit 2.

28. Uniden uses, manufactures, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents,

one or more of at least claims 22, 25-34, 36-38, 41-47, and 49-50 of the '653 patent. Such products include the Accused Products.

29. Upon information and belief, Uniden is aware of the '653 patent and that one or more of the Accused Products infringes one or more of at least claims 22, 25-34, 36-38, 41-47, and 49-50 of the '653 patent.

30. Upon information and belief, Uniden could not reasonably believe that the asserted claims of the '653 patent are invalid. Accordingly, Uniden has willfully infringed the '653 patent.

31. Uniden is liable for infringement of the '653 patent pursuant to 35 U.S.C. § 271.

### *Count Three: Infringement of U.S. Patent No. 7,576,679*

32. Escort incorporates the allegations of paragraphs 1-31 as if fully set forth at this point.

33. The USPTO duly and properly issued the '679 patent entitled "Radar detector with position and velocity sensitive functions" on August 18, 2009. The '679 patent was duly assigned to Escort, which is the assignee of all right, title, and interest in and to the '679 patent. Escort possesses the exclusive right of recovery for past, present, and future infringement. Uniden infringes the '679 patent's valid and enforceable claims. A true and correct copy of the '679 patent is attached hereto as Exhibit 3.

34. Uniden uses, manufactures, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of at least claims 1-3, 10-12, 28-33, and 40-43 of the '679 patent. Such products include the Accused Products.

35. Upon information and belief, Uniden is aware of the '679 patent and that one or more of the Accused Products infringes one or more of at least claims 1-3, 10-12, 28-33, and 40-43 of the '679 patent.

36. Upon information and belief, Uniden could not reasonably believe that the asserted claims of the '679 patent are invalid. Accordingly, Uniden has willfully infringed the '679 patent.

37. Uniden is liable for infringement of the '679 patent pursuant to 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Escort prays that this Court enter a judgment in favor of Escort and against Uniden on all claims that:

(1) Awards monetary damages to Escort sufficient to compensate Escort for Uniden's patent infringement;

(2) Awards any and all additional damages the Court allows pursuant to 35 U.S.C. § 284;

(3) Preliminarily and permanently enjoins Uniden, its officers, employees, agents, and all persons acting in participation or concert with Uniden from further infringement of the Asserted Patents, or in the alternative, awards an ongoing royalty for each infringing Uniden product, including any future products that contain the infringing features of the Accused Products;

(4) Finds this case to be exceptional and awards Escort its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(5) Awards Escort all taxable costs and pre- and post-judgment interest; and

(6) Grants such other and further relief that the Court finds is just and proper.

## JURY DEMAND

Escort hereby requests a trial by jury of this action.

Dated: December 18, 2017

                                                    Respectfully submitted,

                                                    /s/ Megan M. O'Laughlin
                                                    Megan M. O'Laughlin (TX24013263)
                                                    E-Mail: molaughlin@hitchcockevert.com
                                                    John T. Tower (TX24045362)
                                                    E-Mail: jtower@hitchcockevert.com
                                                    Kristen M. Zahnow (TX24102678)
                                                    E-Mail: kzahnow@hitchcockevert.com
                                                    HITCHCOCK EVERT LLP
                                                    750 North St. Paul Street, Suite 1110
                                                    Dallas, TX 75201
                                                    Telephone: (214) 953-1111
                                                    Facsimile: (214) 953-1121

                                                    COUNSEL FOR PLAINTIFF